18-454, 19-954
Kadria v. Barr

BIA
A078 280 103

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

LAHIM KADRIA,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-454,
19-954
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Marialaina L. Masi, Jeffrey Chase, On the Brief; Michael P. DiRaimondo, DiRaimondo & Masi, PC, Bohemia, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, |

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Lahim Kadria, a native and citizen of Albania, seeks review of (1) a January 31, 2018 decision of the BIA denying a motion to reconsider and reopen, and (2) an April 3, 2019 decision denying a subsequent motion to reopen, *In re Lahim Kadria,* No. A078 280 103 (B.I.A. Jan. 31, 2018 & Apr. 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**A. Docket Number 18-454**

Because this petition is timely filed only as to the BIA's January 2018 decision denying his motion to reconsider and reopen, our review is limited to that decision and we may not consider any challenge to the agency's underlying decisions ordering Kadria removed, denying asylum, and denying earlier motions to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the denial of motions to reconsider and reopen for

abuse of discretion and any country conditions determinations for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008). The BIA properly construed Kadria's September 2017 motion as seeking reconsideration insofar as it challenged the most recent denial of reopening, and as seeking reopening insofar as it sought to present new evidence. *See Ke Zhen Zhao*, 265 F.3d at 90-91. For the reasons discussed below, the BIA did not abuse its discretion in denying the motion under either construction.

1.  Motion to Reconsider

A motion to reconsider must specify errors of fact or law in the agency's prior decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Ke Zhen Zhao*, 265 F.3d at 90. Kadria argued that the BIA erred in finding that his March 2017 motion to reopen did not establish his prima facie eligibility for relief. A movant's failure to establish prima facie eligibility for the underlying relief sought is a proper basis for the BIA to deny reopening. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). To establish his prima facie eligibility for asylum, Kadria relied on an expert affidavit prepared by Dr. Bernd Fischer. The BIA did not err

3

in declining to consider Dr. Fischer's affidavit insofar as it discussed Kadria's claim of past persecution, which had been denied on credibility grounds. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006) ("[W]here an asylum applicant does not file a timely appeal disputing the BIA's affirmance of the IJ's credibility ruling, a motion to reopen does not provide a collateral route by which the alien may challenge the validity of the original credibility determination."). Further, the BIA did not violate Kadria's due process rights in declining to relitigate Kadria's claim of past persecution. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008) ("We hold that an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty interest or property interest in a discretionary grant of asylum.").

We also find no error in the BIA's determination that Dr. Fischer's affidavit was not prima facie evidence of a well-founded fear of future persecution on account of Kadria's membership in the Democratic Party. Kadria had to show either a reasonable possibility that he would be singled

4

out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Aside from discussing Kadria's claim of persecution in the 1990s, Dr. Fischer addressed general political conditions in Albania and did not establish any basis to find that Kadria would be singled out for persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Specifically, Dr. Fischer states that Albania suffers from corruption and crime, that it is politically unstable, and that political militants attack each other physically. He discusses a few incidents of violence between members of the Socialist and Democratic Parties, but such isolated incidents are insufficient to show that Kadria will be singled out for persecution or that there is a pattern or practice of persecution of Democratic Party members. *See Jian Hui Shao*, 546 F.3d at 153, 163-65 (agreeing with the BIA's conclusion that isolated incidents of persecution in country reports are insufficient to establish that an

5

applicant will be singled out for persecution or a pattern or practice of persecution); *see also In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (defining "pattern or practice" as the "systemic or pervasive" persecution of a group). Given Kadria's failure to establish any error in the BIA's conclusion that he did not demonstrate his prima facie eligibility for relief, the BIA did not abuse its discretion in denying reconsideration.

2. Motion to Reopen

To the extent Kadria's 2017 motion relied on a further updated affidavit from Dr. Fischer, the BIA properly construed it as a motion to reopen. *See Ke Zhen Zhao*, 265 F.3d at 90-91. Kadria argues that the BIA abused its discretion in declining to consider whether that further update established changed conditions excusing the limits on his motion; however, the BIA assumed that Kadria established such conditions, but again denied reopening on the ground that Kadria failed to establish his prima facie eligibility for relief. Given that a failure to establish prima facie eligibility for the underlying relief sought is dispositive of a motion to reopen, *see Abudu*, 485 U.S. at 104, the BIA

6

was not required to decide whether the affidavit demonstrated changed country conditions, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

In addition, for the same reasons discussed above, Dr. Fischer's further updated affidavit, which again asserted that Kadria's past persecution claim was consistent with country conditions and generally discussed political turmoil in Albania, did not establish Kadria's prima facie eligibility for relief.

3.    Validity of Removal Proceedings

Kadria argues that, under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency lacked jurisdiction to commence removal proceedings against him because his Notice to Appear ("NTA") did not provide a hearing date or time.   This argument is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019).[*]   As set forth in *Banegas Gomez*, we agree with *Matter*

---

[*] Given our decision in *Banegas Gomez*, we deny the motion from the Immigrant Rights Clinic of Washington Square Legal Services for leave to file an amicus curiae brief.

*of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), in which the BIA determined that the regulation vesting jurisdiction does not specify what information must be contained in an NTA, nor does it require an NTA to specify the time and date of the initial hearing, "*so long as a notice of hearing specifying this information is later sent to the alien,*" 922 F.3d at 112 (quotation marks omitted). Although Kadria's July 2000 NTA did not specify the date and time of his hearing in immigration court, he subsequently received adequate notice of his hearings, at which he in fact appeared.

## B. Docket Number 19-954

This petition challenges the BIA's denial of a motion to reopen in which the only argument raised was the *Pereira* argument discussed above. Accordingly, the petition is denied as it is foreclosed by *Banegas Gomez*, 2019 WL 1768914.

For the foregoing reasons, the motions for oral argument and leave to file an amicus curiae brief and the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

8